IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK MICHAEL O'LEARY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4484-M-BN |
| | § | |
| JP MORGAN CHASE BANK N.A. and | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendants have filed a Motion to Dismiss for Failure to State a Claim. *See* Dkt. No. 4. Plaintiff, who is represented by counsel, has failed to file a response despite being given notice of this deficiency and an additional opportunity to do so. *See* Dkt. No. 10. The motion to dismiss is now ripe, and the undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion to dismiss should be granted.

**Background**

The following facts are drawn from Plaintiff's petition and, for purposes of the Fed. R. Civ. P. 12(b)(6) motion to dismiss, are accepted as true, viewing them in the light most favorable to the plaintiff.

Plaintiff Patrick O'Leary purchased residential property in Southlake, Texas in

October 2000. *See* Dkt. No. 1-3 at 9. Plaintiff alleges Defendant Federal National Mortgage Association ("Fannie Mae") currently owns the mortgage loan and that Defendant JP Morgan Chase Bank, N.A. ("Chase") currently services the note pursuant to an agreement with Fannie Mae. *See id.*

Plaintiff alleges that he submitted two applications for mortgage assistance to Fannie Mae, in reliance on statements made in Fannie Mae's Mortgage Help Center Dallas Homeowner Packet (which is attached as an exhibit to his petition). But, Plaintiff alleges, those applications were either lost or ignored. Plaintiff characterizes the Homeowner's Packet as containing promises to help homeowners "try to resolve ... mortgage delinquency and avoid foreclosure"; that the applicant will be "assigned an experienced housing advisor to review your options, develop a customized plan, get the paperwork completed, and work with you and your mortgage company throughout the process"; to send "a notice of incompleteness" if there is any missing information or documentation; to "let you know which foreclosure alternatives, if any, are available to you and [] inform you of your next steps"; and that "property will not be sold at a foreclosure sale once you accept a foreclosure alternative, such as a forbearance or repayment plan, and comply with all requirements." *Id.* at 9-10, 19-24.

Plaintiff submitted his first application for a loan modification to Fannie Mae in early 2013. He was notified that additional information was required, and he provided all requested information. Plaintiff received no further response concerning his application but received notice from Chase that his property was posted for foreclosure on November 5, 2013.

-2-

Plaintiff then submitted a second application to Fannie Mae for a loan modification in early October 2013. Plaintiff met with Branden Jackson at Fannie Mae's Dallas office on October 10, 2013. A few days later, Jackson requested updated bank statements, which Plaintiff provided. Jackson did not respond to Plaintiff's subsequent requests concerning his application's status.

On October 29, 2013, Plaintiff contacted Pauline Sanchez from Fannie Mae and was transferred to the manager of the Dallas center. The manager informed Plaintiff that his application was incomplete, said "she could not really do anything at that time," and recommended that he pursue legal intervention.

During this same time period, Plaintiff was contacted by Cecelia Monge from Chase's loss-mitigation department in Phoenix. After Plaintiff "explained the entire situation to her," Monge told Plaintiff that his "situation could be resolved" and sent him a new loan modification application.

Plaintiff met with Claudia Gomez at Chase's home office in Arlington on October 22, 2013. Gomez spent over two hours with Plaintiff going over the loan modification application given to him by the Chase loss mitigation department, and Plaintiff provided all requested documentation. Gomez also informed Plaintiff that he could sell the property.

On October 30, 2013, Plaintiff received a phone call from someone at Chase stating that Chase could not process his application and would foreclose on November 5, 2013.

Because of his reliance on Defendants' alleged promises to review his

applications and provide mortgage assistance, Plaintiff did not seek foreclosure alternatives such as a short sale or third-party financing.

On November 1, 2013, Plaintiff brought the instant action in the 192nd District Court, Dallas County, Texas, asserting claims of negligent misrepresentation, common law fraud, and fraud in a real estate transaction and seeking a temporary restraining order and temporary injunction to stop the foreclosure. *See* Dkt. No. 1-3 at 8-18. The state court entered a temporary restraining order and set the application for a temporary injunction for hearing. *Id.* at 36-37.

Defendants timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed a motion to dismiss for failure to state a claim, *see* Dkt. No. 4. Defendants assert that Plaintiff's claim for fraud in a real estate transaction fails as a matter of law because Plaintiff does not allege the existence of a real estate transaction. Defendants assert that Plaintiff's negligent misrepresentation claim fails as a matter of law because Plaintiff does not allege that Defendants made any false statement of material fact and, instead, the claim is based on alleged promises of future performance. Defendants assert that Plaintiff's fraud claim fails because Plaintiff does not allege that Defendants made a promise with no intent to keep it, the alleged false promises are illusory, Plaintiff did not actually rely on the alleged promises, and Plaintiff was not harmed by his alleged reliance.

Plaintiff, who is represented by counsel, failed to timely file a response to the motion to dismiss. The undersigned entered a Notice of Deficiency and Order explaining that Plaintiff had failed to file a response to the motion to dismiss and

extending the deadline for Plaintiff to do so until February 18, 2014. The undersigned also admonished Plaintiff that if he failed to file a written response to the motion to dismiss by that date, the undersigned would issue findings, conclusions, and recommendation without further waiting for a response by Plaintiff. *See* Dkt. No. 10. Plaintiff did not thereafter file a response.

The undersigned now concludes that the motion to dismiss should be granted.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

-5-

factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

I.  <u>Plaintiff's negligent misrepresentation claim should be dismissed.</u>

Plaintiff's negligent misrepresentation claim is based on allegations that Defendants made false statements that they would review and evaluate his applications for mortgage assistance and that he sustained damages as a result of his justifiable reliance on those statements. Defendants argue that Plaintiff failed to plead sufficient facts to state a claim for negligent misrepresentation and that Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine.

The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *See LHC Nashua Partnership, Ltd. v. PDNED Sagamore Nashua, L.L.C.,* 659 F.3d 450, 458 & n. 1 (5th Cir. 2011). The misrepresentation "must be one

of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *accord Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007); *Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658 (table), 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact. *See Alexander*, 2007 WL 1576260, at *6.

Defendants argue that Plaintiff's petition fails to establish several elements of his negligent misrepresentation claim. First, Defendants argue that Plaintiff fails to allege that Defendants made any false statements of fact and that, instead, the negligent misrepresentation claim is based on vague or illusory promises of future conduct. The undersigned agrees. All of the allegedly false statements identified in Plaintiff's petition concern promises of future conduct. None of them are statements of existing fact.

Second, Defendants argue that Plaintiff's alleged reliance was not reasonable or justified. Plaintiff alleges that he failed to seek alternatives "such as a short sale or third-party financing" because he relied on Defendants' alleged promises. But the Homeowner Packet on which Plaintiff relies also explicitly recommends short sale and third-party financing as foreclosure alternatives to consider, and Plaintiff does not allege that any Fannie Mae or Chase representative discouraged him from exploring short sale or refinancing. Moreover, in the Homeowner Packet, Fannie Mae states that

an applicant will be advised "if any" foreclosure alternatives are available and warns that a company or person who "[g]uarantees they can stop a foreclosure or get your loan modified" may be conducting a scam. *See* Dkt. No. 1-3 at 22, 24. Similarly, Chase's representative's alleged statement that "Plaintiff's situation could be resolved" fails to specify how or when the situation could be resolved and does not guarantee an alternative to foreclosure.

Third, Defendants argue that Plaintiff did not actually rely on Defendants' alleged promises and was not injured because he sought legal counsel, filed suit, and obtained a temporary restraining order to delay foreclosure and because the property has not been foreclosed. But those forms of relief do not negate the inferences that Plaintiff did not seek other alternatives to foreclosure while his applications with Defendants were pending because he relied on statements made either in the Homeowners Packet or by Defendants' representatives or he was damaged as a result.

Defendants also argue that Plaintiff's negligent misrepresentation claim is barred because Plaintiff's alleged injuries are not independent from the subject matter of the contract governing the mortgage. Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to

liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95.

The undersigned concludes that Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine. Even assuming the truth of Plaintiff's allegations, his claim fails because he has failed to allege an injury independent from the subject matter of the contract. *See Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 717191, at *8 (N.D. Tex. Feb. 24, 2014); *see also Scott v. Wells Fargo Bank, NA*, No. 4:11-cv-600, 2013 WL 5450600, at *9 (E.D. Tex. Sept. 30, 2013) (dismissing negligent misrepresentation claim under economic loss doctrine); *Williams v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012) (concluding

that the plaintiffs' negligence claims, based on allegations that the defendants negligently performed their side of the agreement, negligently misrepresented the terms of the loan modification, and misrepresented to the plaintiffs that they would not foreclose on the property, arose out of alleged breaches of the loan modification or the defendants' negligence in their performance of the loan agreement, but, under Texas law, "'the failure to perform the terms of a contract is a breach of contract, not a tort'" (quoting *Jim Walter Homes, Inc.*, 711 S.W.2d at 618)).

The undersigned concludes that Plaintiff's negligent misrepresentation claim fails as a matter of law and should be dismissed with prejudice.

II.     <u>Plaintiff's statutory fraud claim should be dismissed.</u>

Plaintiff's claim for fraud in a real estate transaction is based on allegations that Defendants made false promises regarding the availability of a loan modification. *See* Dkt. No. 103 at 14. Section 27.01 of the Texas Business and Commerce Code provides a statutory cause of action for fraud in real estate and stock transactions. *See* TEX. BUS. & COM. CODE § 27.01 (Vernon 1983). Section 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock. A loan transaction, even if secured by land, is not considered to come under the statute. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *Greenway Bank & Trust v. Smith,* 679 S.W.2d 592, 596 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Because Plaintiff's claim is based only on allegations of misrepresentations made in the context of a loan and its alleged modification, and not on any kind of real estate

-11-

transaction between the parties, Plaintiff's statutory fraud claim fails as a matter of law.

The undersigned concludes that Plaintiff's claim for fraud in a real estate transaction should be dismissed with prejudice. *See Brown v. Texas A&M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged fact could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff").

III.    Plaintiff's common-law fraud claim should be dismissed.

Plaintiff's common-law fraud claim is based on allegations that Fannie Mae represented that it would work with him, review his applications for mortgage assistance, and notify him of available alternatives to foreclose, if any, but that, instead, Fannie Mae deliberately delayed and mislead Plaintiff until it was too late to seek other mortgage assistance and he faced foreclosure. Plaintiff's claim is also based on Chase's representation that Plaintiff's situation could be resolved.

Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See Shandong Yinguang Chem. Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Defendants argue that Plaintiff fails to allege a false statement of fact or a promise made with no intent to perform. "'A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act.'" *Shandong Yinguang*, 607 F.3d at 1034 (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)). "'While a party's intent is determined at the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is made.'" *Id.* (quoting *Spoljaric*, 708 S.W. 2d at 434). "However, 'failure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made.'" *Id.* (quoting *Spoljaric*, 708 S.W. 2d at 435). Plaintiff fails to identify any promises or false statements made by the individuals mentioned in his petition. And, according to Plaintiff's allegations, Fannie Mae kept the promises made in the Homeowners Packet to review his application and notify him of incompleteness in his application by requesting additional documents. It also kept its alleged promise to start to work with him when both Jackson and Gomez met with him, with Gomez spending hours helping him with the application. Fannie Mae kept the promise to notify him if a foreclosure alternative was available when Sanchez notified him that Fannie Mae could not offer him a foreclosure alternative and recommended that he pursue legal intervention. In the Homeowner Packet, Fannie Mae does not guarantee any alternative to foreclosure, nor does it promise to delay or cancel foreclosure.

Defendants also argue that the alleged promises are too vague and indefinite to support a fraud claim. "A fraud claim cannot be premised on a promise that is so

indefinite or vague that no reasonable person would justifiably rely on it." *Harris v. Park Cities Volkswagen*, No. 3-03-cv-328-BD, 2004 WL 76382, at *3 (N.D. Tex. Jan. 13, 2004); *see also Watson v. CitiMortgage, Inc.*, 530 F. App'x 322, 324-27 (5th Cir. 2013) (holding lender's promise that it "would not foreclose so long as the [plaintiffs'] modification application was pending" was too indefinite to support promissory estoppel). The representations that Fannie Mae would work with Plaintiff, review his application for assistance, and notify him if assistance could be offered, and of Chase's representation that Plaintiff's situation could be resolved are too vague, indefinite, and illusory to support a fraud claim. And Plaintiff's reliance on those statements was unreasonable when the same Homeowners Packet in which Fannie Mae's representations were made also contained statements advising applicants to seek other foreclosure alternatives, such as a short sale or refinancing.

Defendants also argue that Plaintiff did not actually rely on the alleged promises because he obtained legal counsel and filed a lawsuit to delay foreclosure and that Plaintiff has not been harmed. But the undersigned concludes that Plaintiff has adequately alleged both actual reliance and harm.

Defendants finally argue that Plaintiff's pleading lacks the specificity required by Fed. R. Civ. P. 9(b) because it refers to unspecified "omissions" or fraudulent disclosures. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake" and Texas state law fraud claims are subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be

fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Here, Plaintiff has not adequately specified any omissions or nondisclosures that Defendants made that he contends are fraudulent. *See id.*

But this is not a situation in which Plaintiff's alleged facts could not, as a matter of law, support any alleged fraud claim, with every possible fact and inference resolved in Plaintiff's favor if Plaintiff is granted leave to replead this claim, if he can do so consistent with these findings and conclusions. The undersigned therefore concludes that Plaintiff's common-law fraud claim should be dismissed without prejudice. *See Brown*, 804 F.2d at 334.

IV.  Plaintiff's application for injunctive relief should be dismissed.

Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because the undersigned concludes that none of Plaintiff's claims can withstand dismissal, Plaintiff's request for injunctive relief cannot survive and should be dismissed without prejudice. *See Johnson*, 2014 WL 717191, at *12-*13.

**Recommendation**

Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. No. 4] should be granted. Plaintiff's claims for negligent misrepresentation and fraud in a real estate transaction should be dismissed with prejudice. Plaintiff's claims for common-law fraud

and injunctive relief should be dismissed without prejudice. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiff fails to do so, the remaining claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE